**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 22-40562 |
| | ) | |
| Ordaliza Guzman, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |

### NOTICE OF FILING OF MODIFICATION OF CONFIRMED PLAN, DEADLINE FOR FILING WRITTEN OBJECTIONS AND HEARING DATE AND TIME IF OBJECTION IS TIMELY FILED

**To: Creditors and Other Parties in Interest**

 **PLEASE TAKE NOTICE** that Debtor has filed a proposed modification to the confirmed plan in this case, a copy of which modification you are receiving with this Notice or have recently received by mail. Pursuant to Rule 3015(g) of the Federal Rules of Bankruptcy Procedure, any creditor or other party in interest opposing this proposed modification must file that objection in writing with the Court on or before the following deadline.

 **DEADLINE FOR FILING OBJECTION:** Twenty-four (24) days after the date on which this proposed Modification was filed. The proposed Modification was filed on **October 4, 2024**. If the twenty-fourth day after the date of filing falls on a weekend or holiday, the deadline is extended to the next business day.

   **PLACE OF FILING:**  Clerk, United States Bankruptcy Court
                Room 339
                600 East First Street
                Rome, Georgia 30161-3187

If you mail an objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the deadline stated above.

 You must also serve a copy on the undersigned at the address stated below and on the Debtor at: 1203 Foster St, Dalton, GA 30721.

 **PLEASE TAKE FURTHER NOTICE** that if an objection to the proposed Modification is timely filed, the Court will hold a hearing on the Modification on **November 13, 2024 at 9:50 a.m. in Courtroom 342, U.S. Courthouse, 600 East First Street, Rome, GA**. **If no objection is timely filed, the Court may approve the proposed Modification without further notice or hearing.**

**Dated:**   October 4, 2024

/s/_____
Dan Saeger, Attorney for Debtor
Georgia Bar No. 680628
SAEGER & ASSOCIATES, LLC
706 S Thornton Ave. Ste. D
Dalton, GA 30720
(P) 706-529-5566
dansaeger@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 22-40562 |
| | ) | |
| Ordaliza Guzman, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |

**AMENDED CHAPTER 13 PLAN COVER SHEET**

1. Amended Section 8 to pay the claim of the Chapter 7 Trustee as an administrative expense.

This 4th day of October, 2024.

/s/_____
Dan Saeger
SAEGER & ASSOCIATES, LLC
706 S Thornton Ave. Ste. D
Dalton, GA 30720
(P) 706-529-5566
dansaeger@gmail.com

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | Ordaliza                           Guzman |
| | First Name       Middle Name       Last Name |
| Debtor 2 (Spouse, if filing) | First Name       Middle Name       Last Name |
| United States Bankruptcy Court for the Northern District of Georgia | |
| Case number (if known) | 22-40562 |

☒ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

8.1, 9.1

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. ***Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.***

| § 1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ☐ Included | ☒ Not Included |
|---|---|---|---|
| § 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4 | ☐ Included | ☒ Not Included |
| § 1.3 | Nonstandard provisions, set out in Part 8 | ☐ Included | ☒ Not Included |
| § 1.4 | The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4. | ☐ Included | ☒ Not Incuded |

Debtor   Ordaliza Guzman                                          Case number   22-40562

| Part 2: | Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims |

**§ 2.1   Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

Check one:   ■ 36 months       ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay  $540.00  per  month  for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.)*:

| **Beginning on** *(insert date)*: | **The Regular Payment amount will change to** *(insert amount)*: | **For the following reason** *(insert reason for change)*: |
|---|---|---|
|  | _____ per   week |  |

**§ 2.2   Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

■ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

**§ 2.3   Income tax refunds.**

*Check one.*

■ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years _____ , the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

_____

**§ 2.4   Additional Payments.**

*Check one.*

■ **None**.  *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**§ 2.5   [Intentionally omitted.]**

**§ 2.6   Disbursement of funds by trustee to holders of allowed claims.**

The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)

| Debtor | Ordaliza Guzman | Case number | 22-40562 |

## Part 3: Treatment of Secured Claims

**§ 3.1  Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.**  *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  These payments will be disbursed directly by the debtor(s).  Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| New American Funding | 1203 Foster Street, Dalton, GA 30721 | $436.28 | 5.5 % | $20.00 |

**§ 3.2  Request for valuation of security and modification of certain undersecured claims.**

☒ **None.**  *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**§ 3.3  Secured claims to be paid in full.**

*Check one.*

☒ **None.**  *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**§ 3.4  Lien avoidance.**

*Check one.*

☒ **None.**  *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**§ 3.5  Surrender of collateral.**

*Check one.*

☒ **None.**  *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**§ 3.6  Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __5.5__ %.  Payments will commence as set forth in § 2.6.  Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

Debtor   Ordaliza Guzman                                     Case number  22-40562

| Part 4: | Treatment of Fees and Priority Claims |
|---|---|

**§ 4.1   General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest.  An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2   Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3   Attorney's fees.**

(a)  The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $   2,490.00   .  The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b)  Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c)  From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a).

(d)  The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $   100.00   per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e)   If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $   2,490.00   , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits.  If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f)  If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $   2,490.00   , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order.  The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal.  If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(g)  If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h)  If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4   Priority claims other than attorney's fees.**

☒ **None.**  *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ The debtor(s) has/have domestic support obligations as set forth below.  The debtor(s) is/are required to pay all postpetition domestic support obligations directly to the holder of the claim.

| + | Name and address of creditor: | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|---|
| - | | | | |

☒ The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| + | Name and address of creditor: | Estimated amount of claim |
|---|---|---|
| - | | |

| Debtor | Ordaliza Guzman | Case number | 22-40562 |
|---|---|---|---|

## Part 5: Treatment of Nonpriority Unsecured Claims

**§ 5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

■ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

■ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3 Other separately classified nonpriority unsecured claims.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

■ The nonpriority unsecured allowed claims listed below are separately classified. Each claim will receive pro rata payments as set forth in § 2.6. The unpaid balance will be paid in full, including interest at the rate stated below, if applicable.

| + | Name of creditor | Basis for separate classification | Estimated amount of claim | Interest rate (if applicable) |
|---|---|---|---|---|
| - | Tracey Montz, Chapter 7 Trustee, 2146 Roswell Rd. Suite 108-#406 Marietta, GA 30062 | Administrative Fees | $2,409.72 | % |

## Part 6: Executory Contracts and Unexpired Leases

**§ 6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

■ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**§ 7.1** Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).

## Part 8: Nonstandard Plan Provisions

**§ 8.1 Check "None" or list Nonstandard Plan Provisions.**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3. (Insert additional lines if needed.)**

The claim of the Chapter 7 Trustee shall be funded as an administrative claim.

| Debtor | Ordaliza Guzman | Case number | 22-40562 |

### Part 9: Signatures

**§ 9.1  Signatures of Debtor(s) and Attorney for Debtor(s).**

*The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.*

✗ Ordaliza Guzman
Signature of debtor 1 executed on  10/4/2024
MM / DD / YYYY

✗ 
Signature of debtor 2 executed on
MM / DD / YYYY

1203 Foster St Dalton, GA 30721-3919
Address                                City, State, ZIP code

Address                                City, State, ZIP code

✗ Dan Saeger
Signature of attorney for debtor(s)

Date: 10/4/2024
MM / DD / YYYY

Saeger and Associates LLC
Firm

706 S Thornton Ave Ste D, Dalton, GA 30720
Address                                City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

## CERTIFICATE OF SERVICE

I certify that true and correct copies of Debtor's **Post-Confirmation Amendment to the Chapter 13 Plan and Notice of Filing of Modification of Confirmed Plan, Deadline for Filing Written Objections and Hearing Date and Time if Objection is Timely Filed** have been served upon the following by placing same in an envelope with adequate First Class postage affixed and depositing same in the United States Mail addressed for delivery to:

All parties and creditors on the attached matrix.

This 4th day of October, 2024.

/s/ _____
Dan Saeger
Attorney for Debtor
Georgia Bar No. 680628

SAEGER & ASSOCIATES, LLC
706 S Thornton Ave. Ste. D
Dalton, GA 30720
(P) 706-529-5566
dansaeger@gmail.com

```
Label Matrix for local noticing            BB&T                                       (p)NEW AMERICAN FUNDING
113E-4                                     200 W 2nd St                               ATTN BANKRUPTCY DEPARTMENT
Case 22-40562-pwb                          Winston Salem, NC 27101-4049               P O BOX 170581
Northern District of Georgia                                                          AUSTIN TX 78717-0031
Rome
Fri Aug  9 15:02:33 EDT 2024

Julian T. Cotton                           Janica Drayton                             Christopher Giacinto
Padgett Law Group                          Padgett Law Group                          Padgett Law Group
Ste 1060                                   Suite 1475                                 Suite 203
3490 Piedmont Road NE                      3490 Piedmont Road                         6267 Old Water Oak Road
Atlanta, GA 30305-4813                     Atlanta, GA 30305-1743                     Tallahassee, FL 32312-3858

Ordaliza Guzman                            Alan Hinderleider                          Brandi L. Kirkland
1203 Foster St                             Office of the United States Trustee        K. Edward Safir, Chapter 13 Trustee
Dalton, GA 30721-3919                      362 Richard B Russell Federal Building     285 Peachtree Center Ave., Ste. 1600
                                           75 Ted Turner Drive, S.W.                  Atlanta, GA 30303-1229
                                           Atlanta, GA 30303-3315

LVNV Funding LLC                           Midland Credit Management                  Midland Credit Management, Inc.
PO Box 10587                               2365 Northside Dr Ste 300                  PO Box 2037
Greenville, SC 29603-0587                  San Diego, CA 92108-2710                   Warren, MI 48090-2037


Tracey L. Montz                            PRA Receivables Management, LLC            (p)PADGETT LAW GROUP
Suite 108-#406                             PO Box 41021                               6267 OLD WATER OAK RD
2146 Roswell Road                          Norfolk, VA 23541-1021                     SUITE 203
Marietta, GA 30062-3815                                                               TALLAHASSEE FL 32312-3858


Dan Saeger                                 K. Edward Safir                            (p)SCENIC COMMUNITY CREDIT UNION
Saeger & Associates, LLC                   Standing Chapter 13 Trustee                PO BOX 1058
Suite D                                    Suite 1600                                 HIXSON TN 37343-1058
706 S Thornton Ave                         285 Peachtree Center Ave. NE
Dalton, GA 30720-8212                      Atlanta, GA 30303-1229


Syncb/Lowes                                Syncb/TJX                                  Synchrony Bank
PO Box 956005                              PO Box 965015                              by AIS InfoSource LP as agent
Orlando, FL  32801                         Orlando, FL 32896-5015                     4515 N Santa Fe Ave
                                                                                      Oklahoma City, OK 73118-7901


Synchrony Bank                             Truist Bank
c/o PRA Receivables Management, LLC        Support Services
PO Box 41021                               306-40-06-10
Norfolk VA 23541-1021                      PO Box 85092
                                           Richmond, VA 23285-5092




              The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
              by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).



Broker Solutions Inc. dba New American Fundi   (d)New American Funding                Padgett Law Group
11001 Lakeline Blvd. No. 325                   11001 Lakeline Blvd Bldg 1              6267 Old Water Oak Road
Austin, TX 78717                               Austin, TX  78717-5997                  Suite 203
                                                                                       Tallahassee, FL 32312
```

Scenic Community Credit Union
c/o Kendall G. Foster, CEO
PO Box 1058
Hixson, TN 37343

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Broker Solutions, Inc. D/B/A New American     (d)LVNV Funding LLC                              (u)New American Funding, LLC
                                                 PO Box 10587
                                                 Greenville, SC 29603-0587


(d)K. Edward Safir                               End of Label Matrix
Standing Chapter 13 Trustee                      Mailable recipients    22
Suite 1600                                       Bypassed recipients     4
285 Peachtree Center Ave. NE                     Total                  26
Atlanta, GA 30303-1229